The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request for an opinion regarding a proposed joint county law library. You state that the preliminary plan is for Searcy County to contribute the county law library funds toward the expansion of a facility already existing in Van Buren County. You have requested an opinion as to the legality of this proposal.
It is my opinion that the two counties in all likelihood have the authority to pool their funds to maintain a joint county law library. The fact that the library would be located in one of the counties and not the other would not, in my opinion, be fatal to the proposal.
The provisions governing county law libraries are found at A.C.A.16-23-101 through -105 (Repl. 1994). I assume that the "county law library funds" referenced in your correspondence are comprised of court costs authorized in A.C.A. 16-23-103 and -104 (authorizing levy and collection following entry of an implementing county court order), and any other available funds (see A.C.A. 16-23-101(a)). The funds may only be used for the purposes provided in 16-23-101 to -105. See A.C.A.16-23-105. Section 16-23-101(a) and (b) state:
 (a) Any county of this state is authorized to own, operate, and maintain a county law library and, in connection therewith, to own, buy, sell, lend, borrow, receive bequests and donations of, and otherwise deal in and contract concerning books, volumes, treatises, pamphlets, and other educational materials useful for the purpose of legal education and to use therefor any available funds, including proceeds of the court costs levied and collected pursuant to the provisions of this chapter.
 (b) The funds derived from the levy of costs in criminal and civil cases as provided by this chapter may be used for any purpose relating to the establishment, maintenance, and operation of a county law library, including, but not limited to, construction, renovation, and maintenance of facilities to house such libraries; the purchase of books, supplies, furnishings, and appointments; the payment of salaries and expenses of librarians and assistants; and such other expenditures necessary to carry out the purpose and intent of this chapter.
With regard to the authority of two counties to join together in accomplishing the purposes set out above, it is my opinion that A.C.A. 14-14-910 (1987), governing county interlocal agreements, may be cited. This Code provision authorizes counties to "[c]ooperate in the exercise of any function, power, or responsibility" which any of the contracting counties are authorized to exercise. A.C.A. 14-14-910(b)(2)(A). Because each county is clearly authorized to establish, operate, and maintain a law library on its own, it is my opinion that two counties may, through interlocal agreement, pool their funds and cooperate in the exercise of these powers. The expenditure of such funds outside the boundaries of one of the counties is not, in my opinion, prohibited. It seems clear that any joint undertaking involving one facility will of necessity entail a location outside one of the counties.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:EAW/cyh